FILED
U.S. DISTRICT COURT
NEW ALBANY DIVISION

11 MAY -9 AM 11: 50

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| KENT HIGGINS and JENNIFER HIGGINS, Individually and as Parents and Natural Guardians, and Next Friend on behalf of AH and NH, Minors, and JOHN TAYLOR and SARAH TAYLOR, Individually and as Parents and Natural Guardians, and Next Friend on behalf of JT, A Minor, and RACHEL TAYLOR<br><br>    Plaintiffs,<br><br>v.<br><br>KOCH DEVELOPMENT CORPORATION d/b/a Holiday World & Splashin' Safari,<br><br>    Defendant.<br><br>Serve:<br>Office Manager<br>452 E. Christmas Blvd.<br>Santa Claus, IN 47579<br><br>    Defendant. | Case No.<br><br>4:11-cv- 052 RLY-WGH |

## COMPLAINT and DEMAND FOR JURY TRIAL

Come now the Plaintiffs, Kent Higgins, Jennifer Higgins, AH, NH, John Taylor, Sarah Taylor, JT, and Rachel Taylor by their counsel, Leonard Cervantes and John Malec, and for cause of action against the Defendant, state:

    1.    That the district court has original jurisdiction in this action under 28 U.S.C. Section 1332 (a) and (c)(1), because Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

1

2. That the Plaintiffs, Kent Higgins, Jennifer Higgins, AH, NH, John Taylor, Sarah Taylor, JT, and Rachel Taylor are, and at all times relevant hereto were, domiciled in and citizens of the State of Illinois.

3. That the Plaintiffs, Kent Higgins and Jennifer Higgins are, and at all times relevant hereto were, legally married to one another.

4. That the Plaintiffs, Kent Higgins and Jennifer Higgins are, and at all relevant times hereto were, the parents and natural guardians of the Plaintiffs, minors AH and NH, and have filed this claim on their behalf as next friend under Fed.R.Civ.P. 17(c)(1)(A).

5. That the Plaintiffs, John Taylor and Sarah Taylor are, and at all times relevant hereto were, legally married to one another.

6. That the Plaintiffs, John Taylor and Sarah Taylor are, and at all relevant times hereto were, the parents and natural guardians of the Plaintiff, minor JT, and have filed this claim on his behalf as next friend under Fed.R.Civ.P. 17(c)(1)(A).

7. That the Plaintiffs, John Taylor and Sarah Taylor are, and at all relevant times hereto were, the parents of the Plaintiff, Rachel Taylor.

8. That the Defendant, Koch Development Corporation doing business as Holiday World & Splashin' Safari, is and at all times relevant hereto was, a for profit corporation duly organized and existing under the laws of the State of Indiana, with its principal place of business in the State of Indiana and is a citizen of the State of Indiana.

9. That the Defendant owns and operates an amusement and water park in Santa Claus, Indiana.

10. That on or about June 20, 2009 inside the Defendant's water park was a lazy river attraction called the "Bahari River" that was 1,100 feet long, 20 feet wide, and had muratic acid and liquid bleach filtered into the water by a filter pump that was connected to a breaker.

11. That on or about June 20, 2009 the breaker used to control the filter pump of the "Bahari River" attraction was tripped and shut off, which stopped the pump and filtering of muratic acid and liquid bleach into the "Bahari River" attraction.

12. That on or about June 20, 2009, Defendant's employee negligently turned the breaker on after it was tripped without checking the amount of muratic acid and liquid bleach that would be released into the "Bahari River" attraction causing a high concentration of muratic acid and liquid bleach to be released in the "Bahari River", which was potentially harmful to all of Defendant's patron/invitees.

13. That on or about June 20, 2009, the Plaintiffs were patron/invitees at the Defendant's amusement park and were swimming and lying in or near the "Bahari River" attraction and were exposed to the high concentration of muratic acid and liquid bleach that was released into the "Bahari River."

14. That the Defendant negligently failed to exercise reasonable care and due caution for the safety of the Plaintiffs by properly maintaining and monitoring its chemical filter pumps and electrical breakers.

15. That as a direct and proximate result of the Defendant's negligence, Plaintiff Kent Higgins sustained serious personal injuries to his eyes, throat, nose, and lungs, including the development of serious breathing disabilities.

16. That as a direct and proximate result of the Defendant's negligence, Plaintiff Jennifer Higgins sustained serious personal injuries to her eyes, throat, nose, and lungs, including the development of serious breathing disabilities.

17. That as a direct and proximate result of the Defendant's negligence, Plaintiff, a minor, NH sustained serious personal injuries to his eyes, throat, nose, and lungs, including the development of serious breathing disabilities.

18. That as a direct and proximate result of the Defendant's negligence, Plaintiff, a minor, AH sustained serious personal injuries to his eyes, throat, nose, and lungs, including the development of serious breathing disabilities.

19. That as a direct and proximate result of the Defendant's negligence, Plaintiff John Taylor sustained serious personal injuries to his eyes, throat, nose, and lungs, including the development of serious breathing disabilities.

20. That as a direct and proximate result of the Defendant's negligence, Plaintiff Sarah Taylor sustained serious personal injuries to her eyes, throat, nose, and lungs, including the development of serious breathing disabilities.

21. That as a direct and proximate result of the Defendant's negligence, Plaintiff, a minor, JT sustained serious personal injuries to his eyes, throat, nose, and lungs, including the development of serious breathing disabilities.

22. That as a direct and proximate result of the Defendant's negligence, Plaintiff Rachel Taylor sustained serious personal injuries to her eyes, throat, nose, and lungs, including the development of serious breathing disabilities.

23. That as a direct and proximate result of the Defendant's negligence Plaintiff Kent Higgins has been caused to incur medical expenses in excess of Fifty Thousand Dollars ($50,000.00) and will be forced to incur future medical expenses the amount of which cannot be definitely ascertained at this time.

24. That as a direct and proximate result of the Defendant's negligence the Plaintiff Jennifer Higgins has been caused to incur medical expenses in excess of Twenty-Five Thousand Dollars ($25,000.00) and will be forced to incur future medical expenses the amount of which cannot be definitely ascertained at this time.

25 That as a direct and proximate result of the Defendant's negligence the Plaintiff, a minor, NH has been caused to incur medical expenses in excess of Twenty-Five Thousand Dollars ($25,000.00) and will be forced to incur future medical expenses the amount of which cannot be definitely ascertained at this time.

26. That as a direct and proximate result of the Defendant's negligence the Plaintiff, a minor, AH has been caused to incur medical expenses in excess of Twenty-Five Thousand Dollars ($25,000.00) and will be forced to incur future medical expenses the amount of which cannot be definitely ascertained at this time.

27. That as a direct and proximate result of the Defendant's negligence the Plaintiff John Taylor has been caused to incur medical expenses in excess of Seventy-Five Thousand Dollars ($75,000.00) and will be forced to incur future

medical expenses the amount of which cannot be definitely ascertained at this time.

28. That as a direct and proximate result of the Defendant's negligence the Plaintiff Sarah Taylor has been caused to incur medical expenses in excess of Fifty Thousand Dollars ($50,000.00) and will be forced to incur future medical expenses the amount of which cannot be definitely ascertained at this time.

29. That as a direct and proximate result of the Defendant's negligence the Plaintiff, a minor, JT has been caused to incur medical expenses in excess of Twenty-Five Thousand Dollars ($25,000.00) and will be forced to incur future medical expenses the amount of which cannot be definitely ascertained at this time.

30. That as a direct and proximate result of the Defendant's negligence the Plaintiff Rachel Taylor has been caused to incur medical expenses in excess of Twenty-Five Thousand Dollars ($25,000.00) and will be forced to incur future medical expenses the amount of which cannot be definitely ascertained at this time.

31. That as a direct and proximate result of the Defendant's negligence, Plaintiff Kent Higgins has been caused to incur lost wages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) and, due to his diminished working capacity, will be forced to incur future lost wages the amount of which cannot be definitely ascertained at this time.

WHEREFORE, the Plaintiffs, Kent Higgins and Jennifer Higgins, individually and as the parents and natural guardians and next friend of the minors AH and NH; the Plaintiffs John Taylor and Sarah Taylor individually and as the parents and natural guardians and next friend of the minor JT; and the Plaintiff Rachel Taylor, pray and demand judgment against the Defendant in an amount which will reasonably compensate them for the damages they have sustained, and for any and all other relief proper in the premises.

RESPECTFULLY SUBMITTED,

*/s/ Leonard Cervantes*

Leonard P. Cervantes - #25043
Joseph A. Terry - #60421
Cervantes and Associates
1007 Olive Street, Fourth Floor
St. Louis, MO 63101
314-621-6558
314-621-6705(fax)
Attorneys for Plaintiffs

AND

*/s/ John Malec*

John Malec - #31683
Martin, Malec, & Leopold
1007 Olive Street, #500
St. Louis, MO 63101
314-231-3323
Attorney for Plaintiffs

Comes now the Plaintiffs, Kent Higgins and Jennifer Higgins, individually and as the parents and natural guardians and next friend of the minors AH and NH; the Plaintiffs John Taylor and Sarah Taylor individually and as the parents and natural guardians and next friend of the minor JT; and the Plaintiff Rachel Taylor, demand a trial by jury on all issues so triable.

Leonard P. Cervantes - #25043
Joseph A. Terry - #60421
Cervantes and Associates
1007 Olive Street, Fourth Floor
St. Louis, MO 63101
314-621-6558
314-621-6705(fax)
Attorneys for Plaintiffs

AND

John Malec - #31683
Martin, Malec, & Leopold
1007 Olive Street, #500
St. Louis, MO 63101
314-231-3323
Attorney for Plaintiffs