UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| KENT HIGGINS and )<br>JENNIFER HIGGINS, Individually and as )<br>Parents and Natural Guardians, and Next )<br>Friend on behalf of AH and NH, Minors, and )<br>JOHN TAYLOR and SARAH TAYLOR, )<br>Individually and as Parents and Natural )<br>Guardians, and Next Friend on behalf of JT, )<br>A Minor, and RACHEL TAYLOR, )<br>                   )<br>         Plaintiffs, )<br>                   )<br>v. )   3:11-cv-81-RLY-WGH<br>                   )<br>KOCH DEVELOPMENT )<br>CORPORATION d/b/a )<br>Holiday World & Splashin' Safari, )<br>                   )<br>         Defendant. ) | |

**ENTRY ON DEFENDANT'S MOTION TO COMPEL**

Plaintiffs, Kent Higgins, Jennifer Higgins, John Taylor, Sarah Taylor, and Rachel Taylor, individually and on behalf of their minor children, AH, NH, and JT (collectively, "Plaintiffs"), have sued Defendant, Koch Development Corporation d/b/a Holiday World and Splashin' Safari ("Koch"). Plaintiffs accuse Koch of improperly maintaining its chemical filter pumps and electrical breakers, causing the Plaintiffs, visitors to Koch's theme park, to suffer serious injuries. Koch has filed a Motion to Compel the production of the Facebook archives of Sarah Taylor ("Sarah") and Rachel Taylor ("Rachel"). (Docket No. 127). For the reasons set forth below, Koch's motion is **GRANTED**.

### I. Background

On June 20, 2009, Plaintiffs visited Holiday World & Splashin' Safari and used an attraction called the "Bahari River," which had "muratic acid and liquid bleach filtered into the water by a filter pump that was connected to a breaker." (Complaint ¶ 10). Plaintiffs allege that a Koch employee negligently turned the electric breaker on without checking the amount of acid and bleach that would be released as a result. (*Id.* ¶ 12). As a result, Plaintiffs were exposed to high concentrations of acid and bleach, suffered serious personal injuries, and developed breathing disabilities. (*Id.* ¶¶ 13, 15-22). Plaintiffs filed suit on May 9, 2011. Jurisdiction and venue are proper in this court. 28 U.S.C. §§ 1332, 1391.

On April 29, 2013, Sarah and Rachel were deposed and testified that they maintained Facebook pages. Koch requested access to the content, and Sarah and Rachel used Facebook's "download your information 'Expanded Archive' mechanism" to preserve their Facebook data in electronic format. (Defendant's Motion ¶ 1). Immediately thereafter, Koch served on Sarah and Rachel Defendant's Second Request for Production, requesting their Facebook information. (*Id.* ¶ 2; *see also* Defendant's Ex. A). Sarah and Rachel objected, claiming that the Request violates their privacy, since their respective pages are set up so that only the people they choose could view their profiles. They also claimed that the privacy of non-parties was violated because photographs and information uploaded by non-parties and published on Sarah and Rachel's pages, through a process known as "tagging," would be discovered. (*Id.* ¶ 4;

2

*see also* Defendant's Ex. B). Sarah and Rachel also objected on more traditional grounds, claiming that the request was "overly broad, vague and ambiguous, and not limited in time and scope . . . irrelevant, unrelated, and not reasonably calculated to lead to the discovery of admissible evidence." (*Id.*). Additional facts will be supplied as necessary.

## II.  Legal Standards

Federal Rule of Civil Procedure 26 dictates that parties engage in broad, liberal discovery encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978); FED. R. CIV. P. 26. Any relevant, nonprivileged information must be disclosed, but the moving party must show that the material sought is "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). "Where relevance is in doubt, [Rule 26(b)(1)] indicates that the court should be permissive." *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987); *see also Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986) ("[r]elevance under Rule 26(b)(1) has been construed more broadly for discovery than for trial.").

Postings on Facebook and other social media present a unique challenge for courts, due to their relative novelty and their ability to be shared by or with someone besides the original poster. Nonetheless, a court may compel production of a party's Facebook information if the party seeking disclosure

makes a threshold relevance showing. *Equal Emp't Opportunity Comm'n v. Simply Storage Mgmt., LLC*, 270 F.R.D. 430, 434-35 (S.D. Ind. 2010) ("*EEOC*"); *see also Potts v. Dollar Tree Stores, Inc.*, 2013 WL 1176504 (M.D. Tenn. Mar. 20, 2013); *Tompkins v. Detroit Metro. Airport*, 287 F.R.D. 387, 388 (E.D. Mich. 2012).

### III. Discussion

The court must evaluate two issues in ruling on Defendant's Motion to Compel: (A) whether Koch has made a prima facie showing that the materials sought will reasonably lead to the discovery of admissible evidence; and (B) whether the privacy rights of parties or non-parties would be violated by disclosing the information.

### A. Relevance

Sarah and Rachel claim that, as a result of exposure to the acid and bleach, each has suffered "serious personal injuries to her eyes, throat, nose, and lungs, including the development of serious breathing disabilities." (Complaint ¶¶ 20, 22). Consequently, Rachel alleges that she can no longer swim and jog and that her life is impacted by temperature changes and odors. (Defendant's Reply ¶ 10). Sarah claims she cannot "participate in or enjoy her son's sporting events . . . use certain cleaning products or enjoy perfumes or candles or other strong odors . . . [and] heat and humidity affect her breathing and she can no longer work in her yard." (*Id.* ¶ 11). Both Rachel and Sarah allege hundreds of thousands of dollars in future impaired earning capacity. (*Id.* ¶ 12). Koch claims that Rachel and Sarah's Facebook content may reveal

4

relevant information as to the extent their injuries have impacted their "enjoyment of life, ability to engage in outdoor activities, and employment," along with their "claims regarding permanent injuries, lack of pre-existing symptoms, and impairment of future earnings capacity." (*Id.* ¶ 13). Since the extent of Rachel and Sarah's losses in these areas directly impacts the appropriate damages award, the court finds this information relevant.

### B. Equitable Concerns

#### 1. Party and Non-Party Privacy

Rachel and Sarah argue that Koch's Request for Production violates their right to privacy, since they have their accounts set to the highest level of privacy. (Plaintiffs' Response ¶ 7). However, they cite no cases supporting the proposition that setting a Facebook profile to "private" entitles a person to a greater expectation of privacy or can act as a shield to discovery. In fact, the *EEOC* court expressly ruled that the opposite is true. 270 F.R.D. at 434. The cases Plaintiffs cite, *Potts* and *Tompkins* (Plaintiffs' Response ¶ 6), are inapposite. In those cases, the courts ruled that defendants had failed to make a threshold relevancy showing of the need for the private information, and thus their requests were more akin to "fishing expeditions" than a calculated request that would lead to relevant information. *Potts*, 2013 WL 1176504, at *3; *Tompkins*, 278 F.R.D. at 388. Koch, as discussed *supra*, has shown that the information in Rachel and Sarah's private profiles is relevant to ascertaining proper damages. Koch, moreover, has taken sufficient steps to avoid unduly invading Rachel and Sarah's privacy by, for example, not requesting their

5

passwords on record during the deposition. (Defendant's Motion ¶ 1). The court thus finds that Rachel and Sarah's expectation of privacy does not dictate denying the Motion to Compel.

Rachel and Sarah's claim that Koch's Request violates the privacy of their Facebook friends who have posted on their "walls" and "tagged" them in posts or other pictures is similarly unfounded. In *Davenport v. State Farm Mut. Auto. Ins. Co.*, the court held that tagged photos may be discoverable when, as in this case, the photos are relevant. 2012 WL 555759, at *2 (Feb. 21, 2012). The court also held that once the plaintiff was tagged in the photos, they became in the plaintiff's "possession, custody, or control." *Id.* n.4 (citing FED. R. CIV. P. 34(a)(1)). This is consistent with Facebook's privacy policy, which states that all posting is done at one's own risk. *See Romano v. Steelcase, Inc.*, 907 N.Y.S.2d 650, 656 (N.Y. Sup. Ct. 2010). The court finds *Davenport* instructive and concludes that these non-parties limited any expectation of privacy they had when they tagged Rachel or Sarah. Therefore, Rachel and Sarah's alternative request to exclude any tagged photos is denied.

### 2. Scope of Request

Rachel and Sarah finally claim that Koch's request is overly broad. (Plaintiffs' Response ¶¶ 3, 9). Therefore, they argue, the Motion to Compel should either be denied or limited "to those posts, comments, etc [*sic*] and photographs that are relevant and related to Plaintiffs' claims of lung and respiratory problems from the date of the incident[,] June 20, 2009[,] to the date of the archive[,] April 29, 2013." (*Id.* ¶ 10). Since Koch seeks information

6

on the effects of Plaintiffs' injuries, the court finds that only the material dated on or after the incident would be relevant to their claim. The court therefore limits the production of Rachel and Sarah's Facebook archives to material dated between June 20, 2009, and April 29, 2013. Moreover, Koch only claims that communications "relating to the Plaintiffs enjoyment of life, ability to engage in outdoor activities, and employment activities . . . [are] directly relevant." (Defendant's Reply ¶ 13). The parties do not appear to disagree about what materials within Rachel and Sarah's Facebook archives would be relevant. The court therefore grants Koch's motion as to any material between June 20, 2009, and April 29, 2013, concerning Rachel and Sarah's lung and respiratory injuries and their employment activities, outdoor activities, and enjoyment of life reasonably related to those injuries and their effects.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Compel Discovery Response to Defendant's Second Request for Production (Docket No. 127) is **GRANTED**. Rachel Taylor and Sarah Taylor will have thirty (30) days from this entry to respond to Defendant's Request.

**IT IS SO ORDERED** the 5th day of July, 2013.

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**

7