UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| KENT HIGGINS and JENNIFER HIGGINS, Individually and as Parents and Natural Guardians, and Next Friend on behalf of AH and NH, Minors, and JOHN TAYLOR and SARAH TAYLOR, Individually and as Parents and Natural Guardians, and Next Friend on behalf of JT, A Minor, and RACHEL TAYLOR, <br><br> Plaintiffs, <br><br> v. <br><br> KOCH DEVELOPMENT CORPORATION d/b/a Holiday World & Splashin' Safari, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  3:11-cv-81-RLY-WGH ) ) ) ) ) ) |

**ENTRY ON PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL**

Plaintiffs, Kent and Jennifer Higgins, individually and on behalf of their minor children, AH and NH, brought this suit against Defendant, Koch Development Corporation, d/b/a Holiday World & Splashin' Safari, for injuries that allegedly resulted from Defendant improperly maintaining its chemical filter pumps and electrical breakers.[1] Plaintiffs now seek voluntary dismissal of AH and NH pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Defendant opposes Plaintiffs' motion. The court, having read and reviewed the parties' submissions and the applicable law, now **DENIES** Plaintiffs' motion for voluntary dismissal.

---

[1] Additional Plaintiffs include John and Sarah Taylor, individually and on behalf of their minor child, JT, along with the Taylor's adult child, Rachel Taylor. They are not parties to this motion.

1

I. **Background**

On June 20, 2009, Plaintiffs visited Holiday World & Splashin' Safari and used the river attraction, "Bahari River." (Compl. ¶ 10). This attraction was 1,100 feet long, 20 feet wide, and had muriatic acid and liquid bleach filtered into the water by a filter pump that was connected to a breaker. (*Id.*). The breaker that controlled this filter pump was tripped and shut off, thus stopping the pump and filtering of the acid and bleach into the attraction. (*Id.* at ¶ 11). Plaintiffs allege that Defendant's employee then negligently turned the breaker back on without checking the amount of muriatic acid and liquid bleach that would be released as a result. (*Id.* at ¶ 12). This caused a high concentration of the acid and bleach to be released into the "Bahari River." (*Id.*). During this time, Plaintiffs were swimming and lying in the river and, as a result, they suffered serious personal injuries and have developed breathing disabilities. (*Id.* at ¶¶ 13, 15-22). On May 9, 2011, Plaintiffs filed this action against Defendant, claiming that its conduct caused their bodily injuries.

On June 10, 2013, the court compelled the Higgins family – Kent Higgins, Jennifer Higgins, AH, and NH – to make themselves available for depositions to occur no later than July 1, 2013 in Evansville, Indiana. (Docket # 130). Defendant voluntarily agreed to only depose the Higgins' oldest child, AH, and set depositions to occur for Kent, Jennifer, and AH on June 26, 2013. Plaintiffs did not object to either Defendant's motion compelling AH's deposition or the deposition notice and subpoena concerning AH. Instead, Plaintiffs contacted Defendant two days before the scheduled deposition and alerted it that they decided to withdraw the claims of AH and NH; as a result,

2

Plaintiffs stated that AH would not be appearing at the scheduled deposition. Defendant rejected this proposal and reiterated that it expected AH to attend the deposition unless Plaintiffs filed a request for dismissal in advance of the scheduled deposition. Moreover, Defendant noted it would object to any request for dismissal unless it would be with prejudice.[2] On July 12, 2013, Plaintiffs filed a motion for voluntary dismissal of AH and NH without prejudice. Defendant objects and requests the claims of AH and NH be dismissed with prejudice, or, in the alternative, that the claims of AH and NH be ordered to continue through trial, including compliance with the court order requiring AH's appearance at the deposition.

## II. Discussion

In relevant part, Rule 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Moreover, "[u]nless the order states otherwise, a dismissal under this paragraph is without prejudice." *Id*. The plaintiff carries the burden to show that voluntary dismissal is warranted. *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994). Courts have held that "the allowance of a motion to dismiss under Rule 41(a)(2) is not a matter of absolute right – that it is discretionary with the court 'upon such terms and conditions as the court deems proper.'" *Grivas v. Parmelee Transp. Co.*, 207 F.2d 334, 336 (7th Cir. 1953). To that end, "the general purpose of the rule is to preserve the plaintiff's right to

---

[2] The facts set forth in this paragraph are taken from Defendant's brief. Although Defendant failed to provide any citation to the record, Plaintiffs did not file a reply brief, and thus the court will assume the facts are true for purposes of this motion.

3

take a voluntary nonsuit and start over *so long as the defendant is not hurt*." *McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985) (emphasis added).

The Seventh Circuit has set forth the following factors which may justify denying voluntary dismissal: (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. *Pace v. S. Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969). Not every factor, however, must be resolved in favor of the moving party before dismissal is appropriate. *Tyco Laboratories, Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980). Instead, these factors are simply a guide for the court, as the issue is left to the court's sound discretion. *Id.*

As an initial matter, the last factor can quickly be resolved for Plaintiffs, as Defendant has not filed a motion for summary judgment, nor any other dispositive motion in this case. Next, the court examines Defendant's effort and expense in preparation for trial. Defendant maintains that it has spent a "very large amount of time and resources" in defending against the Plaintiffs' claims, including those made on behalf of AH and NH. Specifically, Plaintiffs filed their claims over two years ago and subsequently filed this motion only four months prior to the trial date. During this time, Plaintiffs concede that discovery has been conducted and two unsuccessful settlement conferences have taken place. This twenty-six month period of time and expense is sufficient to show Defendant would be prejudiced. *See Pace*, 409 F.2d at 334 (upholding district court's denial of voluntary motion to dismiss where case had been pending for

4

one and one-half years and considerable discovery had already been undertaken at substantial cost to the defendant); *Tolle*, 23 F.3d at 177-78 (affirming denial of voluntary dismissal where discovery had been completed for approximately twenty-two months at time motion filed); *RSR Corp. v. Avanti Dev., Inc.*, No. 95-1359, 2000 WL 1448655, at *3 (S.D. Ind. July 20, 2000) (finding defendants would be prejudiced by voluntary dismissal where they had been brought into the case almost two years prior and spent a great deal of time and money in preparing for summary judgment). That said, much of the time and expenses spent as to AH's and NH's claims would likely be duplicative to the other claims in this action. *See Bailey ex rel. Bailey v. Toyota Motor Corp.*, No. 01-1456, 2003 WL 23142185, at *3 (S.D. Ind. Oct. 31, 2003) (finding the fact that discovery will be duplicative in future litigation mitigates the impact of the factor regarding effort and expense in trial preparation). As a result, this factor weighs in favor of Defendant, but only slightly.

  The second factor considers excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action. Defendant accuses Plaintiffs of engaging in a "costly game of cat-and-mouse" since the beginning of litigation. This includes delays and failure to follow court orders, which have forced Defendant to file numerous Motions to Compel and Motions for Sanctions. (*See* Docket ## 81, 87, 93, 106). Moreover, Plaintiffs waited over two years to file this motion to dismiss AH and NH, not coincidentally, at the last hour before AH would be deposed. Plaintiffs did not respond to these arguments; thus, this factor favors the Defendant.

The third factor probes whether Plaintiffs have sufficiently explained their need for dismissal. Plaintiffs contend that they "do not wish to subject their minor children to [the] stress of deposition and trial believing that [it] would be harmful to them." Plaintiffs have not, however, submitted any evidence to support this contention. On the other hand, the record reflects that within the last year Plaintiffs issued demands of $100,000 per child. (*See* Def.'s Ex. A). In addition, Plaintiffs listed NH and AH in their trial witness list less than two months before filing this motion. (*See* Def.'s Ex. B). Only after such demands proved unsuccessful have Plaintiffs taken a stance as to their children's emotional well-being. Plaintiffs' actions in this lawsuit – without any evidence pointing otherwise – do not support their argument. The court therefore finds that the Plaintiffs have not offered a reasonable explanation for their need to take a dismissal.

In sum, the court finds the Plaintiffs failed to carry their burden of persuasion in showing that voluntary dismissal is warranted. Defendant has set forth various reasons it will be prejudiced by allowing the claims to be dismissed without prejudice, and Plaintiffs failed to respond to them. This is not sufficient.

### III. Conclusion

For the reasons set forth above, Plaintiffs' motion for voluntary dismissal (Docket # 145) is **DENIED**.

**SO ORDERED** this 18th day of September 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.